UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

| | |
|---|---|
| IN RE: | MDL No. 2859 |
| ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYS FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | 18-MD-2859 (PAC)<br>18-MC-2859 (PAC) |
| *This Document Relates to All Actions* | **1:20-cv-3527**<br>**SHORT FORM COMPLAINT** |
| *Emanuel A. Murphy v. Zimmer, Inc., Zimmer US, Inc., Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc.* | |

-------------------------------------------------------------------------------x

1. Plaintiff, Emanuel A. Murphy, states and brings this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

## **PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, Emanuel A. Murphy, is a resident and citizen of the State of South Carolina and claims damages as set forth below.

4. ~~Plaintiff's Spouse, _____, is a resident and citizen of the State of _____, and claims damages as set forth below.~~ *[Cross out Spousal Claim if not applicable.]*

5.      Venue of this case is appropriate in the United States District Court, District of South Carolina. Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, South Carolina. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6.      Plaintiff brings this action *[check the applicable designation]*:

___X___      On behalf of himself;

_____       ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7.      ~~Plaintiff was implanted with a Versys Femoral Head in his/her right hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~

8.      ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

_____      ~~Zimmer M/L Taper~~

_____      ~~Zimmer M/L Taper with Kinectiv Technology~~

2

9. ~~Plaintiff had the following right hip components explanted on or about _____ (date), at _____ (medical center and address) by Dr. _____.:~~

~~_____    Versys femoral head~~

~~_____    Zimmer M/L Taper~~

~~_____    Zimmer M/L Taper with Kinectiv Technology~~

~~[*Cross out if not applicable.*]~~

10. ~~Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____:~~

[*Cross out if not applicable.*]

11. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue. [*Cross out if not applicable.*]~~

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE*]

12. Plaintiff was implanted with a Versys Femoral Head in his/her left hip on or about October 28, 2013, at Greenville Hospital in Greenville, South Carolina by Dr. Thomas Eison.

13. Plaintiff was implanted with the following femoral stem during the implantation surgery:

_____    Zimmer M/L Taper

___X___   Zimmer M/L Taper with Kinectiv Technology

14. Plaintiff had the following left hip components explanted on or about July 25, 2017 at St. Francis Eastside, in Greenville, South Carolina, by Dr. Christopher Kavolus:

___X___   Versys femoral head

_____    Zimmer M/L Taper

3

_____X__        Zimmer M/L Taper with Kinectiv Technology

15.   ~~Plaintiff will have the left hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~ ~~*[Cross out if not applicable.]*~~

16.   ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip components at issue.~~  ~~*[Cross out if not applicable.]*~~

## **ALLEGATIONS AS TO INJURIES**

17.   (a)  Plaintiff claims damages as a result of (check all that are applicable):

__X____          INJURY TO HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

___X___         ECONOMIC LOSS

(b)  ~~Plaintiff's spouse claims damages as a result of (check all that are applicable):~~ ~~*[Cross out if not applicable.]*~~

~~_____          LOSS OF SERVICES~~

~~_____          LOSS OF CONSORTIUM~~

18.   Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19.   ~~Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended~~

~~Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.~~ *~~[Cross out if not applicable.]~~*

20. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

21. Due to the nature of the defect, Plaintiff could not have known that the injuries she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

22. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

    ___X___ COUNT I - NEGLIGENCE;

    ___X___ COUNT II - NEGLIGENCE PER SE;

    ___X___ COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    ___X___ COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    ___X___ COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    ___X___ COUNT VI - BREACH OF EXPRESS WARRANTY;

    ___X___ COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

    ___X___ COUNT VIII - BREACH OF IMPLIED WARRANTIES;

    ___X___ COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

    ___X___ COUNT X –NEGLIGENT MISREPRESENTATION

    ___X___ COUNT XI- FRAUDULENT CONCEALMENT

___X___    COUNT XII - UNJUST ENRICHMENT

_____    COUNT XIII – LOSS OF CONSORTIUM

_____    COUNT XIV – WRONGFUL DEATH

_____    COUNT XV- SURVIVAL ACTION

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

__X____    PUNITIVES DAMAGES

_____    ~~OTHER:~~ _____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. Exemplary damages;

6. For restitution and disgorgement of profits; and,

7. For such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: May 7, 2020                                    Respectfully submitted,

                                                                  JONES WARD PLC

                                                                  /s/ Alex C. Davis
                                                                  Alex C. Davis
                                                                  The Pointe
                                                                  1205 E. Washington St., Suite 111
                                                                  Louisville, KY 40206
                                                                  Phone: (502) 882 6000
                                                                  Facsimile: (502) 587-2007
                                                                  alex@jonesward.com
                                                                  *Attorney for Plaintiff*